GEORGE MOTLEY ET AL. V. EMILY E. MOTLEY.

FILED OCTOBER 3, 1900.   No. 11,369.

1. **Res Adjudicata:** REVIEW: SUBSEQUENT APPELLATE PROCEEDINGS.
The determination of questions presented to this court in review-
ing the proceedings of the district court becomes the law of the
case and will not be re-examined in a subsequent appellate pro-
ceeding.

2. **Widow:** DOWER: STATUTORY BAR. A widow is entitled to dower in
the lands owned by her intestate husband at the time of his
death, unless barred therefrom in the manner prescribed by the
statute.

3. **Baker's Decedent Law.** The fact that the husband died after
"Baker's Decedent Law" ( Session Laws, 1889, ch. 57 ) was
adopted and before it was adjudged to be unconstitutional, does
not in any way affect the widow's right to dower.

4. **Curative Act:** ITS PURPOSE. The purpose of the curative act of
1895 (Session Laws, 1895, ch. 32) was to legalize findings, orders,
judgments and decrees made under the provisions of the de-
cedent's law which was held to be unconstitutional in *Trumble
v. Trumble,* 37 Nebr., 340.

ERROR to the district court for Adams county.   Tried
below before BEALL, J.   *Affirmed.*

*Capps & Stevens,* for plaintiffs in error.

*Batty & Dungan, contra.*

SULLIVAN, J.

The judgment under review affirms the claim of Emily
J. Motley to be endowed of the lands owned by her in-
testate husband at the time of his death, and is in strict
conformity with the decision rendered by this court when
the case was before us on appeal.   Every point now
raised by the plaintiffs in error was considered and de-
cided against them when the first judgment of the trial
court was brought here for revision.   The opinion in
*Motley v. Motley,* 53 Nebr., 375, is the law of the case, and
must control its disposition.   *Ripp v. Hale,* 45 Nebr., 567;
42

*Coburn v. Watson*, 48 Nebr., 257; *Omaha Life Ass'n v. Kettenbach*, 55 Nebr., 330; *Hayden v. Frederickson*, 59 Nebr., 141; *Leavitt v. Bell*, 59 Nebr., 595. That opinion enunciates principles that are believed to be sound, and answers completely all the arguments now advanced for a reversal of the judgment in favor of the defendant in error.

The curative act of 1895 (Session Laws, 1895, ch. 32) has no bearing whatever upon this controversy. The purpose of that act, as declared in its title, was to legalize orders, judgments and decrees which had been made under the provisions of the decedent's law of 1889 before the case of *Trumble v. Trumble*, 37 Nebr., 340, was decided. The substantive part of the act of 1895 is as follows: "Now, therefore, all judgments, orders, decrees and findings that have been made by any court in the state of Nebraska under and by virtue of the provisions of said act, pertaining to any estate of any deceased person, be, and the same is hereby, legalized and made valid to the same extent and to the same purpose as though said act had not been adjudged unconstitutional by the said supreme court." Neither the county court nor the district court of Adams county, at any time, made any order, judgment or decree in pursuance of the unconstitutional decedent's act which assumed to divest the right of the defendant in error to dower in the land in controversy. There was, therefore, nothing, so far as the estate of John Motley is concerned, upon which the curative act could operate. *Boales v. Ferguson*, 55 Nebr., 565. Mrs. Motley is very clearly the owner of a life estate in one-third of the lands of which her husband died seized, and the record does not disclose that she has done any act by which she has forfeited the right to assert her ownership.

The judgment of the district court is right, and is

AFFIRMED.